■ In the Matter of the Claim of LOUIS FISHER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1973, which reversed the decision of the Referee and sustained the initial determination of the Industrial Commissioner, disqualifying claimant from receiving benefits, effective July 1, 1972, because he voluntarily left his employment without good cause. Claimant was an employee of the United States Postal Service for approximately 27 years, until June 30, 1972, when he retired in response to a management request made during a reduction in force. That request took the form of a memorandum from the Postmaster General to all eligible employees stating that, in view of the reorganization of the Post Office, any eligible employee who desired to retire could do so, and that, if such resignation was effective on or before June 30, 1972, the employee would receive a 4.8% cost of living increase in his retirement annuity. It further requested that all eligible employees consider early retirement, while leaving the choice as to whether or not to do so to each individual employee. The sole question presented on this appeal is whether there is substantial evidence in the record to support the factual finding of the board that claimant, in retiring, voluntarily left his employment without good cause, and, thus, was disqualified from receiving benefits. When presented with almost identical situations in the recent past, this court has held that claimants were entitled to benefits, the rationale being that: "an employee who co-operates with the objective of reducing the number of employees by resignation, should be entitled to the same benefits as those who lost the position by a reduction in force, or by abolishment of their position." (Matter of Sier [Levine], 42 A D 2d 207, 210; Matter of Hiken [Levine], 42 A D 2d 662.) A like result is indicated here. The only factor which distinguishes this case from those cited above is that the Federal employer here labeled claimant's separation voluntary, while in the earlier instances they were termed involuntary. Since claimant disputed his employer's findings, however, and contended that his resignation was involuntary, he was, as respondent concedes, entitled to a hearing, which was not granted by the Federal agency. Such being the case, respondent also readily admits that the Federal findings are not final and conclusive. Accordingly, a hearing was held by the board at which the facts noted above were established and as a result of which only one determination is consonant with our statement in Matter of Sier [Levine] (supra, p. 210) that: "We agree with those States that do not disqualify a claimant who voluntarily resigns as a result of action initiated by the employer to accomplish a reduction of the work force." Clearly, claimant is entitled to benefits under these guidelines. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Staley, Jr., Cooke, Sweeney

and Main, JJ., concur; Herlihy, P. J., dissents on the ground that this separation from work was voluntary and the board found it was without good cause.